MERRICK B. GARLAND
Attorney General
KRISTEN CLARKE
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
AUDREY M. YAP
Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    4 Constitutional Square
    150 M Street, NE
    Washington, D.C. 20530
    Telephone: (202) 514-4713
    Facsimile: (202) 514-1116
    Email: audrey.yap@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>BLACK AND WHITE GARAGE, INC. d/b/a BLACK AND WHITE TOWING, INC.,<br><br>        Defendant. | Case No. 2:21-cv-05844<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, the United States of America ("United States"), alleges as follows:

### INTRODUCTION

1. The United States brings this action under the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3901, *et seq*., against Black and White Garage, Inc. d/b/a Black and White Towing, Inc. (hereinafter "Black and White") for illegally selling,

1  auctioning or otherwise disposing of a vehicle owned by an SCRA-protected servicemember without a court order.

2. The purpose of the SCRA is to provide servicemembers with certain legal protections while they are in military service. One of those protections is the requirement that a court review and approve any action to foreclose or enforce a lien on the property or effects of a servicemember during any period of military service of the servicemember and for 90 days thereafter. *See* 50 U.S.C. § 3958(a)(1). The requirement applies to any "lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason." *See* 50 U.S.C. § 3958(a)(2).

3. In a proceeding to foreclose or enforce a lien against a servicemember, the court may stay the proceeding for a period of time as justice and equity require, or it may adjust the obligation. *See* 50 U.S.C. § 3958(b). The court may also appoint an attorney to represent the servicemember, require the lienholder to post a bond with the court, and issue any other orders it deems necessary to preserve the interests of all parties. *See* 50 U.S.C. § 3931.

4. By failing to obtain a court order before foreclosing and/or enforcing its lien on a servicemember's vehicle and other personal property, Black and White denied her the right to obtain a court's review of whether the foreclosure or enforcement should be delayed or the lien adjusted to account for her military service.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 50 U.S.C. § 4041.

6. Black and White is a California corporation with its principal place of business located at 10857 San Fernando Road, Pacoima, California 91331, in the Central District of California.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Black and White's principal place of business is in the Central District of California and

a substantial part of the events or omissions giving rise to the claim occurred within the Central District of California.

**DEFENDANT**

8. Black and White operates a 24-hour towing service and is designated as an Official Police Garage for the Los Angeles Police Department. Official Police Garages are responsible for all requests for tow service from the Los Angeles Police Department, as well as the Los Angeles Department of Transportation and other governmental agencies.

9. Under California law, "[w]henever an officer or employee removes a vehicle from a highway, or from public or private property, unless otherwise provided, he shall take the vehicle to the nearest garage or other place of safety or to a garage designated or maintained by the governmental agency of which the officer or employee is a member, where the vehicle shall be placed in storage." Cal. Veh. Code § 22850.

10. When law enforcement or a governmental agency directs the removal of a vehicle to a storage facility, the receiving facility holds a garageman's lien against the vehicle. *See* Cal. Veh. Code § 22851(a)(1). The facility may enforce its lien by conducting a sale of the vehicle. *Id.; see also* Cal. Veh. Code § 22851.12.

11. In the course of operating its business, Black and White regularly enforces its liens by selling or disposing of motor vehicles through public lien sales.

12. Black and White uses an outside vendor, Ritter Lien Sales, to prepare the documentation required to conduct a lien sale. Once a lien sale of a vehicle is authorized by the California Department of Motor Vehicles and Ritter Lien Sales has issued the notices required under state law, Black and White conducts a public lien sale of the vehicle.

13. Black and White's headquarters in Pacoima, California are located within a 50-mile radius of several military recruiting stations and installations, including Los Angeles Air Force Base and Naval Base Ventura County.

## BLACK AND WHITE'S LIEN SALE VIOLATED THE SCRA

14. United States Marine Corps Staff Sergeant Alexandria Thurman ("SSgt Thurman") served on active duty in the United States Marine Corps continuously from May 24, 2010 to January 22, 2021.

15. In or around June 2017, SSgt Thurman purchased a used 2014 Honda Accord Sport, Vehicle Identification Number (VIN) 1HGCR2F56EA073250 (the "Vehicle"), with a loan from Navy Federal Credit Union.

16. In or around July 2018, SSgt Thurman received orders for a permanent change of station, reassigning her from Marine Corps Recruiting Station Los Angeles to Camp Pendleton in Oceanside, California.

17. When SSgt Thurman received her orders, she was living at an apartment complex in Sylmar, California, approximately 100 miles north of Camp Pendleton. While executing her move to Camp Pendleton, SSgt Thurman left the Vehicle parked in front of her apartment complex in Sylmar. As she planned to retrieve the Vehicle at a later date, SSgt Thurman left some of her personal belongings in the Vehicle, including one of her Marine Corps uniforms, framed military awards, her child's car seat, shoes, clothing, small appliances, and other household items.

18. On August 20, 2018, another vehicle hit SSgt Thurman's parked Vehicle. Following the accident, the Los Angeles Police Department responded to the scene and requested that Black and White tow SSgt Thurman's vehicle.

19. On September 5, 2018, Black and White, through its agent Ritter Lien Sales, applied to the California Department of Motor Vehicles for permission to sell the Vehicle.

20. On September 24, 2018, Ritter Lien Sales mailed a Notice of Stored Vehicle to the Florida Department of Motor Vehicles and to SSgt Thurman's former address in Jacksonville, Florida, where she had been stationed before receiving orders to report to Marine Corps Recruiting Station Los Angeles. The Jacksonville address was the address listed on the Vehicle's registration.

21. SSgt Thurman did not receive the Notice of Stored Vehicle because she was no longer stationed in Florida and was not living at the Jacksonville address.

22. In or around October or November 2018, SSgt Thurman was contacted by her auto insurer, GEICO. GEICO informed SSgt Thurman that the Vehicle had been hit by another vehicle that was also insured by GEICO and had been towed.

23. Shortly after speaking with GEICO, SSgt Thurman contacted Black and White. A manager confirmed that Black and White had towed the Vehicle and still had it in its possession. During the call, SSgt Thurman identified herself as an active-duty servicemember. The manager assured SSgt Thurman that they would not sell the Vehicle.

24. In the following months, SSgt Thurman called Black and White several times to check on the status of the Vehicle. During each of those calls, she informed representatives at Black and White that she was an active-duty servicemember, she was working with a military legal assistance attorney to retrieve the Vehicle, and she wanted the Vehicle returned to her. SSgt Thurman received repeated assurances from Black and White that they would not sell the Vehicle.

25. On December 12, 2018, Black and White sold the Vehicle to a third party for $4,828.

26. Black and White did not obtain a court order authorizing the sale of the Vehicle prior to the sale.

27. Since the sale of the Vehicle, SSgt Thurman has continued to make monthly car loan payments of $390 to Navy Federal Credit Union to avoid defaulting on the loan.

28. The Department of Defense provides lienholders and others seeking to comply with the SCRA an automated database run by the Defense Manpower Data Center ("DMDC database"), to check whether individuals are SCRA-protected servicemembers.

29. Black and White does not have a policy or practice of searching the DMDC database or doing anything else to determine whether the motor vehicles it sells, auctions, or otherwise disposes of are owned by SCRA-protected servicemembers.

30. Black and White has no written policies or procedures regarding SCRA compliance.

### SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

31. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

32. Section 3958(a) of the SCRA provides that "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement."

33. By the conduct described in the foregoing paragraphs, Black and White has enforced a lien on the property of an SCRA-protected servicemember without obtaining a court order, in violation of 50 U.S.C. § 3958.

34. By auctioning the motor vehicle of an SCRA-protected servicemember without a court order, Black and White has engaged in a violation of Section 3958(a)(1) that raises an issue of significant public importance, thus triggering the Attorney General's authority to bring suit under 50 U.S.C. § 4041(a)(2).

35. SSgt Thurman has suffered damages as a result of Black and White's conduct.

36. Black and White's conduct was intentional, willful, and taken in disregard for the rights of SSgt Thurman.

### RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Black and White's conduct violated the SCRA;

2. Enjoins Black and White, its agents, employees, and successors, and all other persons and entities in active concert or participation with it, from:

      a.    enforcing liens on motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3958;

      b.    failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, SSgt Thurman to the position she would have been in but for that illegal conduct; and

      c.    failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Black and White's illegal conduct;

3.    Awards appropriate monetary damages to SSgt Thurman, pursuant to 50 U.S.C. § 4041(b)(2); and

4.    Assesses civil penalties against Black and White in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States prays for such additional relief as the interests of justice may require.

Dated: July 20, 2021

MERRICK B. GARLAND
Attorney General

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Division

ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program

 /s/ Audrey M. Yap
AUDREY M. YAP
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section