KRISTEN CLARKE
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
AUDREY M. YAP
Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    4 Constitutional Square
    150 M Street, NE
    Washington, D.C. 20530
    Telephone: (202) 514-4713
    Facsimile: (202) 514-1116
    Email: audrey.yap@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BLACK AND WHITE GARAGE, INC. d/b/a BLACK AND WHITE TOWING, INC.,<br><br>    Defendant. | Case No. CV 21-5844-GW-ASx<br><br>**CONSENT ORDER** |

## **CONSENT ORDER**

### I.    INTRODUCTION

1. This Consent Order ("Order") resolves the allegations in the United States' Complaint that Defendant Black and White Garage, Inc. d/b/a/ Black and White Towing, Inc. (hereinafter "Defendant") violated Section 3958 of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3958, when it auctioned off a vehicle belonging to an SCRA-protected member of the United States Marine Corps without a court order on December 12, 2018.

2. Defendant is a California corporation with its principal place of business located at 10857 San Fernando Road, Pacoima, California 91331, in the Central District of California.

3. The United States and Defendant (hereinafter collectively "the Parties") agree that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1345 and 50 U.S.C. § 4041.

4. The Parties agree that, to avoid costly and protracted litigation, the claim against Defendant should be resolved without further proceedings or an evidentiary hearing. Defendant neither admits nor denies the allegations contained in the United States' Complaint. Therefore, as indicated by the signatures appearing below, the Parties agree to the entry of this Consent Order.

It is hereby ORDERED, ADJUDGED, and DECREED:

## II. INJUNCTIVE RELIEF[1]

5. Defendant, its officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with it are hereby enjoined from enforcing storage liens on the personal property and effects of SCRA-protected servicemembers without a court order or valid SCRA waiver obtained pursuant to Paragraph 6(f), during a period of military service or within ninety (90) days of a period of military service.[2]

## III. COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES

6. Within thirty (30) calendar days of the date of entry of this Consent Order, Defendant shall develop SCRA Policies and Procedures for Enforcing Storage Liens in

---

[1] Nothing in this Consent Order shall preclude Defendant from offering greater protections to servicemembers than those afforded by this Consent Order or the SCRA.

[2] For purposes of this Consent Order, the terms "military service" and "period of military service" shall have the definitions set forth in Section 3911 of the SCRA, 50 U.S.C. § 3911(2) and (3).

compliance with 50 U.S.C. § 3958. These policies and procedures must include the following:

    a.    Prior to enforcing any vehicle storage lien, Defendant, or its agent, shall conduct a search on a commercially available public records database to obtain the owner's/owners' Social Security Number(s), or, if (a) Social Security Number(s) cannot be found, the owner's/owners' date(s) of birth.

    b.    Defendant, or its agent, shall then attempt to determine whether the owner or owners of the vehicle are SCRA-protected servicemembers by searching the Department of Defense Manpower Data Center ("DMDC") website by last name and Social Security Number or, in cases where a Social Security Number could not be found, by last name and date of birth. When searching the DMDC by Social Security Number or date of birth, if Defendant is aware of any last name variants or aliases (e.g., maiden names, hyphenated or composite surnames, or variant spellings) used by a vehicle owner, Defendant shall run a separate DMDC search for each name variant or alias.

    c.    Defendant, or its agent shall also: 1) request and review any available vehicle ownership information held by a third party where the vehicle tow request to the Defendant came from, or was made on behalf of, that third party (e.g., an apartment complex requesting that a vehicle be towed from its parking area); and 2) inspect the vehicle for evidence of military service (e.g., military related decals, military license plates, a vehicle registration with a military address, and/or other contents evidencing military service).

    d.    If Defendant, or its agent, determines, as part of the review required by Paragraph 6(a)-(c), that an owner is a servicemember in military

        service or has left a period of military service within the past ninety (90) days, it shall not foreclose or enforce the lien against the servicemember's property without first obtaining a court order allowing it to do so.

    e.    If Defendant pursues a storage lien action in court and a SCRA-protected owner fails to answer the action, before seeking a default judgment, Defendant shall file an affidavit of military service with the court prepared in accordance with 50 U.S.C. § 3931(a) and (b). The affidavit must be signed and prepared only after taking the actions necessary to comply with Paragraph 6 and must be executed no more than two (2) business days prior to the date that the request for default judgment is made. Defendant shall attach a copy of a DMDC Status Pursuant to the SCRA ("DMDC Status Report") to the affidavit. The DMDC Status Report must have been run no more than two (2) days prior to the date when the request for default judgment is made in the matter.

    f.    If Defendant seeks or obtains a waiver under a written agreement as provided in 50 U.S.C. § 3918, it shall use a notice and waiver in the form of Exhibit A.

7. No later than thirty (30) calendar days after the date of entry of this Consent Order, Defendant shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraph 6 to counsel for the United States.[3] The United States shall respond to the proposed SCRA Policies and Procedures within thirty (30) calendar days after receipt. If the United States objects to any part of the SCRA Policies and Procedures, the Parties shall confer to resolve their differences. If the Parties cannot

---

[3] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 4 Constitution Square, 150 M Street, NE, Washington, DC 20002, Attn: DJ 216-12C-9.

resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.  Defendant shall begin the process of implementing the SCRA Policies and Procedures within ten (10) calendar days of approval by the United States or the Court.

8. If, at any time during the term of this Consent Order, Defendant proposes to materially change its SCRA Policies and Procedures, it shall first provide a copy of the proposed changes to counsel for the United States.  The United States shall respond to the proposed changes within thirty (30) calendar days after receipt.  If the United States objects to any part of the proposed changes, the Parties shall confer to resolve their differences.  If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.

## IV.   TRAINING

9. During the term of this Consent Order, Defendant shall provide annual SCRA compliance training to all of its employees.  Defendant shall also provide SCRA compliance training to any new employee within thirty (30) calendar days of his or her hiring.

10. Within thirty (30) calendar days of the United States' approval of the SCRA Policies and Procedures pursuant to Paragraph 7, Defendant shall provide the United States the curriculum, instructions, and any written material included in the training required by Paragraph 9.  The United States shall have thirty (30) calendar days from receipt of these documents to raise any objections to the training materials, and, if it raises any, the Parties shall confer to resolve their differences.  In the event that the Parties are unable to do so, either party may bring the dispute to this Court for resolution.

11. Defendant shall secure a signed statement in the form attached as Exhibit B from each employee at the trainings required by Paragraph 9 acknowledging that he or she has received, read, and understands the Consent Order and the SCRA Policies and Procedures, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them.  For the duration of this Consent Order, copies of

5

those signed statements shall be provided to the United States upon request. Defendant shall also certify in writing to counsel for the United States that all employees successfully completed the trainings required by Paragraph 9. Any expenses associated with the trainings required by Paragraph 9 shall be paid by Defendant.

## V.     COMPENSATION

12. Defendant shall pay twenty-two thousand dollars ($22,000.00) in damages to Staff Sergeant Alexandria Thurman.

13. In order to receive compensation under Paragraph 12, Staff Sergeant Thurman must execute a copy of the Release attached as Exhibit C and provide a copy of the signed release to counsel for the United States.

14. Within seven (7) calendar days of receiving notice that the Release has been signed, Defendant shall mail a check in the amount provide under Paragraph 12 made payable to "Alexandria Thurman" by certified mail, return receipt requested. Once the check has been received by Staff Sergeant Thurman, the United States shall deliver a copy of the signed Release to Defendant.

## VI.     CIVIL PENALTY

15. Within ten (10) calendar days of the date of entry of this Consent Order, Defendant shall pay a total of five thousand dollars ($5,000) to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 4041(b)(3) and 28 C.F.R. § 85.5 to vindicate the public interest. The payment shall be made in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

**VII.    ADDITIONAL RECORDKEEPING AND REPORTING REQUIREMENTS**

16. For the duration of this Consent Order, Defendant shall retain all records relating to its obligations hereunder, including its records with respect to all storage lien auctions and all records relating to compliance activities as set forth herein. The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

17. During the term of this Consent Order, the Defendant shall notify counsel for the United States in writing every three months of receipt of any SCRA or military-related complaint, whether the complaint is made orally or in writing. Defendant shall provide a copy of any written complaints with the notifications. The notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendant shall also promptly provide the United States with all information it may request concerning any such complaint, and shall inform the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint. If the United States raises any objections to the Defendant's actions, the Parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review. If the Parties are unable to come to an agreement regarding such objections or concerns, any party may bring the dispute to this Court for resolution.

## VIII.  SCOPE OF CONSENT ORDER

18. The provisions of this Consent Order shall apply to Defendant and its subsidiaries, predecessors, acquired companies, or successors. It shall also apply to Defendant's officers, employees, managers, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those persons and entities.

19. In the event that Defendant is acquired by or merges with another entity, Defendant shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

20. This Consent Order does not release claims for practices not addressed in the Complaint, and it does not resolve and release claims other than claims for violations of 50 U.S.C. § 3958 involving Staff Sergeant Thurman that may be brought by the United States. This Consent Order does not release any claims that may be held or are currently under investigation by any other federal or state agency or entity.

21. Nothing in this Consent Order will excuse Defendant's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over the Defendant that imposes additional obligations on it.

22. The Parties agree that, as of the date of entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information ("ESI"), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this Paragraph relieves any party of any other obligations imposed by this Consent Order.

## IX. MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

23. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties.

24. The Parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 25.

25. The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of, and compliance with, this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by Defendant's violation or failure to perform.

## X.  RETENTION OF JURISDICTION

26. The Court shall retain jurisdiction over all disputes between the Parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

27. This Consent Order shall be in effect for a period of three (3) years from its date of entry, after which time this case shall be dismissed with prejudice. The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

SO ORDERED

This 9th day of August, 2021.

*/s/ George H. Wu*
_____
HON. GEORGE H. WU,
UNITED STATES DISTRICT JUDGE

FOR PLAINTIFF UNITED STATES OF AMERICA

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Division

ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program

Dated: July 20, 2021

/s/  Audrey M. Yap
AUDREY M. YAP
Trial Attorney
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section


FOR DEFENDANT BLACK AND WHITE GARAGE, INC. d/b/a/ BLACK AND WHITE TOWING, INC.

Dated: July 20, 2021

/s/ Steven M. Garber
STEVEN M. GARBER
Steven M. Garber & Associates, A P.C.
Attorneys At Law

# EXHIBIT A

## IMPORTANT NOTICE TO MILITARY SERVICEMEMBERS ABOUT YOUR RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT

Black and White Towing, Inc. has presented you with the attached waiver of rights and protections that may be applicable to you under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, et seq. (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- Prevents towing companies from selling or disposing of a servicemember's vehicle or personal property without a court order during any period of active duty or for 90 days thereafter;
- Requires that a court review and approve any action by a towing company to enforce a lien on the vehicle or property of any protected servicemember;
- Allows the court to postpone the proceeding for a period of time as justice and equity require, or to adjust the obligation to the towing company in light of the servicemember's military service; and
- Requires that the court appoint an attorney to represent any servicemember who does not make an appearance in the case.

If you choose to sign the waiver, Black and White Towing, Inc. may auction or dispose of your vehicle and property without having a court review and approve its actions. If you do not sign this waiver, Black and White Towing, Inc. will not be able to sell or dispose of your vehicle and property without having a court review and approve of its actions.

Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights and whether it is in your interest to waive these rights under the conditions offered by Black and White Towing, Inc.

For More Information:
- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you may wish to consult an attorney.
- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil.
- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource. Go to http://www.militaryonesource.com.

## WAIVER OF RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT

Please read the attached IMPORTANT NOTICE TO MILITARY SERVICEMEMBERS ABOUT YOUR RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT before executing this waiver.  I, _____ , am/was a servicemember, and I am aware that I have protections available to me under the Servicemembers Civil Relief Act ("SCRA").  This includes, but is not limited to, legal rights relating to the foreclosure or enforcement of a lien on the property or effects of a servicemember during any period of military service and 90 days thereafter without court-ordered permission.

I am the registered owner of the following described motor vehicle:

Make:
Year:
Model:
VIN:

By signing this waiver, I acknowledge and agree that:

•        I have read and understood the attached IMPORTANT NOTICE TO MILITARY SERVICEMEMBERS ABOUT YOUR RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.

•        I am waiving the SCRA protections related to the property listed above, including any protections against the sale or disposal of the motor vehicle.  I agree to the application of any proceeds from the sale of the property listed above towards any fees and expenses related to the sale, and to storage expenses claimed.  However, I understand that Black and White Towing, Inc. will return to me any proceeds from the sale of the property listed above that are above and beyond any sums owed to, or claimed by, them.

•        This waiver applies to any form of proceeding or transaction through which someone else receives ownership and/or possession of the motor vehicle, or any part thereof, or its disposal.  By signing this waiver, I am voluntarily surrendering ownership, title, interest and rights to the motor vehicle, and its disposition, whether by public sale, destruction or otherwise.

•        This waiver does not affect any loan or debt that I may owe on the motor vehicle to a third party, or any citation issued by any law enforcement agency, or any fees, costs or fines associated with said citation.

- In exchange for waiving my SCRA rights with respect to this property, Black and White Towing, Inc. agrees to waive the recovery of any fees and costs relating to the towing, storage, sale or disposal of my motor vehicle against me.

- This waiver is made voluntarily, without coercion, duress, or compulsion.  I understand the terms of this waiver of rights, and acknowledge I was advised to consult with an attorney regarding this waiver of rights and the protections afforded by the SCRA.

Dated: _____, 20\_\_\_

By: _____ (Registered Owner)
        Print Name

Signature: _____ (Registered Owner)


Dated: _____, 20\_\_\_

By: _____ (Authorized Agent of Black and White Towing, Inc.)
        Print Name

Signature: _____ (Authorized Agent of Black and White Towing, Inc.)

**EXHIBIT B**

EMPLOYEE ACKNOWLEDGMENT

    I acknowledge that on _____ \_\_\_\_\_, 20\_\_, I was provided training regarding Servicemembers Civil Relief Act (SCRA) compliance and copies of the SCRA Policies and Procedures which are applicable to my duties.  I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and shall comply with those responsibilities.

_____
[PRINT NAME]

_____
[SIGNATURE]

_____
[JOB TITLE]

# EXHIBIT C

## RELEASE

In consideration for the Parties' agreement to the terms of the Consent Order resolving the United States' allegations in *United States v. Black and White Garage d/b/a Black and White Towing, Inc., et al.*, Civil No. _____ (C.D. Cal.) and payment to me of twenty-two thousand dollars ($22,000.00), I, Alexandria Thurman, hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above that pertain to alleged violations of Section 3958 of the Servicemembers Civil Relief Act, 50 U.S.C. § 3858, that I may have against Black and White Towing, Inc., and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of their past and present directors, officers, agents, managers, supervisors, shareholders, and employees and their heirs, executors, administrators, successors or assigns.

Executed this _____ day of _____, 20___.

SIGNATURE: _____

PRINT NAME: _____

MAILING ADDRESS: _____

_____

PHONE:_____

EMAIL:_____